244

IN THE MATTER OF DANNY CREWS
DOUGLAS ADKINS, OMAR HASAN
AND RICHARD PARDUE

*v.*

DONALD BORDENKIRCHER, *Superintendent,*
*West Virginia Penitentiary*
WILLIAM M. BEVILL, WALTER LEE CHURCH
FRANKY DEERING, CARLOS KIPP
SPENCER T. MYERS AND ROGER SHOEMAKER

*v.*

WILLIAM WHYTE, *Superintendent,*
*Huttonsville Correctional Center*
(No. 14930)
Decided November 10, 1981.

*Robert E. Vital* for appellants.

No appearance for appellees.

MCHUGH, JUSTICE:

This action is before this Court upon the petition of Danny Crews, et al. from the final orders of the Circuit Court of Cabell County, West Virginia. Those orders entered March 24, 1980, and May 19, 1980, dismissed the applications of Danny Crews, et al. for a transfer from various West Virginia penal institutions to Huntington State Hospital, Huntington, West Virginia. This Court has before it the petition for appeal, all matters of record, and the brief and argument of counsel for the appellants. The appellees have not appeared in the proceedings before this Court.

The appellants, Danny Crews, Douglas Adkins, Omar Hasan, Richard Pardue, William Bevill, Walter Church, Franky Deering, Carlos Kipp, Spencer Myers, and Roger Shoemaker, are inmates at the West Virginia Penitentiary at Moundsville, West Virginia, and the Huttonsville Correctional Center, Huttonsville, West Virginia. Pursuant to *W. Va. Code*, 28-5-31, each of the appellants filed an application in the Circuit Court of Cabell County, West Virginia, for transfer from their respective penal institutions to Huntington State Hospital, Huntington, West Virginia. Specifically, each appellant asserted that he was mentally ill, mentally retarded or addicted within the meaning of the above statute and that their respective penal institutions could not effectively provide proper treatment, training or other services. Accordingly, the appellants sought transfer to Huntington State Hospital. Furthermore, the appellants demanded a hearing if the transfers were contested by the appellees.

In each of the answers to the appellants' circuit court applications, the appellees demanded that a hearing be held upon the transfer issue and that transfer be denied.

The record indicates that on February 22, 1980, hearings were conducted upon the applications of appellants, Roger Shoemaker and Walter Church, both appellants asserting that they were suffering from addictions. As the circuit court stated in its written opinions dated March 20,

1980, the purpose of those hearings was to determine the effectiveness of the treatment, training or services available at Huntington State Hospital in relation to the treatment, training or services available at the Huttonsville Correctional Center. As stated in those written opinions, the circuit court concluded that Huntington State Hospital, for security reasons, was not an appropriate facility for the treatment or training of prison inmates. Furthermore, the circuit court concluded that neither appellants Shoemaker nor Church had proven by clear, cogent and convincing evidence that Huntington State Hospital, rather than the Huttonsville Correctional Center, could more effectively provide treatment, training or other services to the two appellants. Consequently, the applications of Shoemaker and Church were dismissed by the circuit court.

The record indicates that no hearings were held upon the individual applications of the other appellants, Crews, Adkins, Hasan, Pardue, Bevill, Deering, Kipp and Myers. In dismissing those applications, the circuit court stated in its March 24, 1980, and May 19, 1980, orders that the appellants' applications did not sufficiently state grounds for relief and that Huntington State Hospital was not an appropriate facility for the treatment and training of prison inmates.

*W. Va. Code*, 28-5-31, was amended in 1978 and 1980. The effective date of the 1980 amendment to the statute was March 8, 1980. All of the appellants, with the exception of Omar Hasan, filed their applications in circuit court for transfer between November 28, 1979, and March 4, 1980. The Hasan application was filed in circuit court on March 11, 1980. Thus, all of the appellants' applications for transfer, with the exception of the Hasan application, were filed pursuant to *W. Va. Code*, 28-5-31, as amended in 1978.

Pursuant to *W. Va. Code*, 28-5-31, as amended in 1978, an application concerning a prison inmate for transfer, alleging mental illness, mental retardation or addiction, shall be filed either in the county of location of the facility to which transfer is sought or in the county where the inmate was convicted. If the application for transfer is not

opposed, then the inmate shall be transferred to the facility designated in the application. If the transfer is opposed, a hearing shall be held, at the completion of which the circuit court or mental hygiene commissioner shall make findings of fact concerning the justification for transfer.

The 1980 amendment to *W. Va. Code*, 28-5-31, modified the above procedures. Pursuant to the 1980 amendment, an initial examination of the alleged mentally ill, mentally retarded or addicted inmate is made pursuant to the authority of the chief administrative officer of the inmate's correctional facility. If the initial examination so warrants, the chief administrative officer then files an application in the county of the correctional facility for transfer of the inmate. The superintendent of the facility to which transfer is sought shall respond and indicate whether he opposes the transfer. In cases where transfer is opposed, a hearing shall be held, at the completion of which the circuit court or mental hygiene commissioner shall make findings of fact concerning the justification for transfer.

Upon mature consideration of all matters herein, this Court is of the opinion that the appellants are entitled to no relief as prayed for in their petitions and that the final orders appealed from should be affirmed.

Specifically, we are of the opinion that, inasmuch as the 1980 amendment to *W. Va. Code*, 28-5-31, modified the procedure for transfer of a "convicted person" in prison under that statute, and further added provisions concerning security at the facility to which transfer is sought, but did not substantially change the criteria for transfer under the statute or the due process rights of a "convicted person" in a prison, under the circumstances of this case the "convicted persons" in prisons will not be prejudiced by being required to proceed under *W. Va. Code*, 28-5-31, as amended in 1980, if they wish to further prosecute their claims.

It should be noted that the record indicates that the application of Omar Hasan for transfer, which application was filed after the effective date of the 1980 amendment to *W. Va. Code*, 28-5-31, was treated no differently by the Circuit Court of Cabell County than the other applications. Therefore, this order shall apply equally to appellant, Hasan, as to the other appellants.

Accordingly, the final orders of the Circuit Court of Cabell County, West Virginia, entered March 24, 1980, and May 19, 1980, are hereby affirmed.

*Affirmed.*